IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DANA THORNTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-11-3470
CRIMINAL NO.: WDQ-09-0288

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Dana Thornton pled guilty to conspiracy to distribute controlled dangerous substances pursuant to a plea agreement. On December 17, 2010, Thornton was sentenced to 168 months imprisonment -- below the advisory guidelines range of 262 to 327 months -- for a total offense level of 34 and criminal history category VI. On December 1, 2011, Thornton filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 1060. In Thornton's § 2255 motion, he argues that his counsel was ineffective for failing to request a competency hearing. ECF No. 1060 at 4. In a November 27, 2013 letter, the parties advised the Court of a proposed resolution of the motion. ECF No. 1299. The parties agreed to a joint recommendation for a partial grant of § 2255 relief by way of re-sentencing to an agreed 132 month sentence, and Thornton

would withdraw his request to vacate his conviction. ECF No. 1299 at 1. For the following reasons, the motion will be granted in part.

I.  Resolution of Thornton's § 2255 Motion

On December 6, 2013, the Court held an evidentiary hearing. ECF No. 1302. During the hearing, the Court inquired into Thornton's competency to enter into the agreement for the disposition of his § 2255 motion. The standard for determining competency to enter into an agreement is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *see Godinez v. Moran*, 509 U.S. 389, 402 (1993) (applying standard in plea agreement context).

The Court asked defense counsel's opinion about Thornton's competency, and she stated her belief that Thornton understood his options, and was aware of the benefits and consequences of entering into an agreement resolving his § 2255 motion. Defense counsel also believed that Thornton had the ability to assist in his defense and that he understood that this would be his only § 2255 on the issues surrounding his guilty plea. Thornton's statements to the Court during the hearing also demonstrated his

ability to understand the proceedings.[1] Based on counsel's opinions, the Court's observations, and Thornton's demeanor and statements, the Court finds that Thornton was competent to enter into the agreed resolution of his § 2255 motion.

Taking into consideration the record of this case and the parties' agreement, partial § 2255 relief is appropriate. The Court finds that a sentence of 132 months imprisonment is a reasonable and appropriate sentence, and is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2). In making that determination, the Court incorporates by reference its findings and observations made during Thornton's original sentencing. The Court also considers the additional evidence of Thornton's mental health which has been presented during the course of his § 2255 proceedings. This mental health evidence reflects on Thornton's history, characteristics, and role in the offense. It is relevant to Thornton's comparative culpability; however, it does not call into question his guilt or competence. Accordingly, there is a sufficient basis to impose the reduced sentence of 132 months imprisonment recommended by the parties.

---

[1] Thornton made an astute assertion of his desire for a mandatory minimum sentence, which the Court believed demonstrated a sophisticated and thorough understanding of the proceedings and the agreed resolution for partial § 2255 relief.

II. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Because Thornton has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Thornton's motion to vacate, set aside, or correct his sentence will be granted in part.

__1/6/14__  
Date

__/s/ William D. Quarles, Jr.__  
William D. Quarles, Jr.
United States District Judge